ROCCO GALASSO, PETITIONER-APPELLANT, v. STRENGS PIECE DYE WORKS, RESPONDENT-APPELLEE.

Passaic County Court
Law Division

Decided January 21, 1953.

*Mr. Nathan Rabinowitz,* attorney for petitioner-appellant.

*Mr. Kalisch & Kalisch,* attorney for respondent-appellee.

MacLeod, J. C. C.   This matter is before the court on an appeal from an order of the Workmen's Compensation Bureau, dated August 7, 1952, dismissing the petitioner's claim for additional temporary disability and for the payment of hospital and medical expenses, based on lack of prosecution.

The formal petition was filed on January 11, 1947 and represented the most recent one filed by the petitioner in a series of applications for disability resulting from an accident on April 21, 1931.

The case has been placed on the calendar list for trial approximately 58 times from March 27, 1947 to July 10, 1952, when it was dismissed. During this period it has been adjourned, marked not moved, restored to the list, set down peremptorily and carried.   On July 10, 1952, the last hear-

ing date, the attorney for the petitioner made application for an adjournment upon the ground that his treating physician was ill and unable to testify. The deputy director, upon motion of the attorney for the respondent, dismissed the petition for failure to prosecute.

The appellant attacks the validity of the order of dismissal upon the ground that the respondent has failed to comply with *R. S.* 34:15-54, which provides:

"No petition shall be dismissed for want of prosecution or for failure to formally adjourn the cause, ·until after notice shall be served by the respondent on the petitioner or his attorney that unless the cause is moved for hearing within one month from the date of the service thereof, the claim will be considered abandoned and the petition dismissed subject, however, to the right to have the petition reinstated for good cause shown, upon application made to the deputy commissioner before whom the matter was heard or to the Commissioner of Labor within one year thereafter. No claim heretofore made shall be considered abandoned because the petition was dismissed under this section, if such petition has been reinstated for ,good cause shown, and such petition shall be deemed to have been dismissed without prejudice to further proceedings upon said petition, and further proceedings thereon shall be as effective as though said petition had not been dismissed."

It is admitted that the respondent did not serve any notice upon the petitioner or his attorney pursuant to the above statute.

The respondent contends, however, that the statute does not apply to this type of situation. He argues that the Workmen's Compensation Act gives the Department the right to control applications for adjournments, and that without any proof or testimony offered by the petitioner to establish his right for a continuance, the deputy director has the discretion to dismiss.

The statute, in clear and definite language, prescribes the procedure in which a petition shall be dismissed for want of prosecution or failure to formally adjourn a cause. The respondent has failed to comply with the act.

I am not unmindful of the many delays and adjournments given in this matter. No case should be allowed to

remain untried for a period of seven years. The fault is not with the court. A remedy exists, pursuant to the statute, and is available to those who seek it.

The court is vitally concerned with the effective administration of justice. It should not, however, take away or diminish fundamental rights which are mandatory and strictly construed. *Hill v. Hill,* 93 *N. J. Eq.* 567 (*Ch.* 1922), affirmed 95 *N. J. Eq.* 233 (*E. & A.* 1923); *State Highway Commission v. Repole,* 111 *N. J. L.* 462 (*E. & A.* 1933); *Skislak v. Continental Mining & Smelting Corp.,* 1 *N. J.* 167 (1948).

The failure of the respondent to comply with *R. S.* 34:15–54 requires this court to vacate the order of dismissal, dated August 7, 1952, and I so find and determine. The cause is remanded to the Bureau with directions that it be prosecuted diligently by the parties.